**In re Joseph SLOMNICKI, Debtor.**

**Edward Drudy and Albert Kirsch, Movants,**

v.

**Joseph Slomnicki, Respondent.**

**Bankruptcy No. 00–23157 JKF.**

**Motion No. C & L–1.**

United States Bankruptcy Court, W.D. Pennsylvania.

July 19, 2000.

Francis E. Corbett, Donald R. Calaiaro, J. Craig Brungo, Calaiaro & Corbett, Inc., Pittsburgh, PA, for debtor.

Stanley E. Levine, Michael R. Salzman, Pittsburgh, PA, for movants.

Ronda J. Winnecour, Pittsburgh, PA, United States Trustee, Western District of Pennsylvania, Pittsburgh, PA.

**MEMORANDUM OPINION**[1]

JUDITH K. FITZGERALD, Chief Judge.

The issue before the Court is the eligibility of Debtor, Joseph Slomnicki, for Chapter 13 relief. The issue arises because of judgments entered against the

---

1. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law.

Debtor on or about October 16, 1996, in the aggregate amount of $675,000.00. The details of the judgments are explained in the statement of undisputed facts and procedural history in the Brief in Support of Motion to Dismiss and, Alternatively, Motion for Relief from Stay filed on behalf of the Movants at Docket No. 14.

Debtor received a discharge in Chapter 7 on July 14, 1999. However, the judgments at issue were the subject of an action to determine nondischargeability. Judge McCullough of this Court issued an opinion and order in Adversary Proceeding No. 97–2494 MBM, finding that the judgments were not dischargeable pursuant to 11 U.S.C. § 523(a)(6). The opinion was entered July 8, 1999. Debtor sought reconsideration, which Judge McCullough treated as a motion for relief under Federal Rule of Civil Procedure 60(b). On January 5, 2000, Judge McCullough denied the Rule 60(b) motion. On January 14, 2000, Debtor filed an appeal which has not yet been adjudicated.[2]

Debtor's Chapter 7 case was closed on February 9, 2000. Debtor then filed this Chapter 13 on April 26, 2000. The judgment holders now seek relief from stay or dismissal of the bankruptcy case. Part of the requested relief relies on the argument that Debtor is ineligible for Chapter 13 relief because his non-contingent, liquidated, unsecured debt exceeds the threshold amount provided by the statute, 11 U.S.C. § 109(e), which is $269,250.00 for purposes of this proceeding. In his Brief in Opposition to the Motion for Relief from Stay and Motion to Dismiss with Prejudice, at Docket No. 15, Debtor concedes that the liquidated debt of the judgment holders exceeds this jurisdictional limit. Nonetheless, Debtor argues that his Chapter 7 discharge permits him to pursue the relief that he requests in this Chapter 13 case.

The Court disagrees with the Debtor and finds in favor of the Movants. The jurisdictional limits of § 109(e) are exceeded in this case and Debtor is not eligible for Chapter 13. Debtor's obligation to the Movants has been fixed by judgments that were appealed through the state court system and are now final. Thus, the obligation is liquidated and non-contingent. With interest accrued, the balance owed is approximately $825,000.00. In his bankruptcy petition, Debtor represented that he owned property valued at $45,000.00. to which this judgment would attach. In Debtor's Chapter 7 case, the same property was valued at $140,000.00. There has been no explanation given to the Court, as of this writing, for the huge diminution in value. However, whether the property is valued at $140,000.00 or $45,000.00, the fact is that the judgment holder has an unsecured deficiency claim that exceeds the jurisdictional limits of § 109(e).

The Court accepts and adopts the position on this issue as stated by Edward Drudy and Albert Kirsch in Argument II.A. of their Brief in Support of the Motion to Dismiss and, Alternatively, Motion for Relief from Stay at Docket No. 14. *See also, In re Nesbit,* 2000 WL 294834 (Bankr.W.D.Pa.2000) (disputed, liquidated, noncontingent debts are included in the limitations of § 109(e)).[3]

---

**2.** Debtor relies upon the pendency of the appeal from the January 5, 2000, order that refused to reconsider the earlier final and unappealable order, which found hat the debt was not discharged in Chapter 7, as creating a dispute or contingency sufficient to exclude the judgments from the eligibility criteria of § 109(e). Such is not the law, as explained *In re Nesbit,* 2000 WL 294834 (Bankr.W.D.Pa. 2000).

**3.** The Court does not reach the other issue (bad faith filing) in light of this ruling.